## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| MELINDA MOMPLAISIR,<br><br>    Plaintiff,<br><br>v.<br><br>UNIVERSAL PROTECTION SERVICE, LLC d/b/a Allied Universal, ATLANTA HISTORICAL SOCIETY, INC. d/b/a Atlanta History Center, and XYZ Corporation,<br><br>    Defendants. | CIVIL ACTION FILE NO.:<br>1:24-cv-02718-MHC |

## DEFENDANT UNIVERSAL PROTECTION SERVICE, LLC d/b/a ALLIED UNIVERSAL'S FED. R. CIV. P. 26(a)(1) AND LOCAL RULE 26.1 INITIAL DISCLOSURES

Defendant, Universal Protection Service, LLC d/b/a Allied Universal Security Services, improperly named as Universal Protection Service, LLC d/b/a Allied Universal, (hereinafter, "Allied"), by and through its counsel, Wilson Elser Moskowitz Edelman & Dicker, LLP, hereby provides Defendant's required initial disclosures per Fed. R. Civ. P. 26(a)(1) and Local Rule 26.1. Allied makes these initial disclosures based on its current knowledge and understanding of the facts and circumstances surrounding key events. These disclosures are not intended, and should not be construed, as a waiver of any objection to the production, use, or

1

admission into evidence of any documents or information that Allied may be legally entitled to assert during the discovery or trial of this action. These disclosures are based on currently available, non-privileged, and non-work-product-protected information, materials, and documents. Allied's investigation into this action is ongoing, and Allied reserves the right under Fed. R. Civ. P. 26(e) to modify, amend, or supplement these disclosures as it learns additional information.

**(1)    If the defendant is improperly identified, state defendant's correct identification and state whether defendant will accept service of an amended summons and complaint reflecting the information furnished in this disclosure response.**

**RESPONSE:** Defendant Allied is improperly identified. Defendant's proper name is Universal Protection Service, LLC d/b/a Allied Universal Security Services. Defendant Allied will accept service of an amended summons and complaint reflecting the proper name of Allied.

**Provide the names of any parties whom defendant contends are necessary parties to this action, but who have not been named by plaintiff. If defendant contends that there is a question of misjoinder of parties, provide the reasons for defendant's contention.**

**RESPONSE:** Defendant states Brenda Griffin is expected to have information and knowledge regarding the facts and allegations in the Complaint and the facts and circumstances surrounding the subject incident.

**(2)    Provide a detailed factual basis for the defense or defenses and any counterclaims or crossclaims asserted by defendant in the responsive pleading.**

**RESPONSE:** This lawsuit arises out of an alleged single motor vehicle accident involving Plaintiff falling off the backseat of a golf cart. Allied denies it is liable for and/or caused the subject incident. Defendant further reserves the right to supplement, alter, or amend this Disclosure, as is necessary or appropriate. Defendant is not asserting any counterclaims or crossclaims at this time.

**(3)    Describe in detail all statutes, codes, regulations, legal principles, standards and customs or usages, and illustrative case law which defendant contends are applicable to this action.**

**RESPONSE:** Applicable principles of Georgia negligence law, the Federal Rules of Civil Procedure, and Federal Rules of Evidence. The applicable law includes, but is not limited to, the following statutes and cases:

3

    (a)    Fed. R. Ev. 702;

    (b)    *Zaldivar v. Prickett*, 297 Ga. 589 (2015).

    (c)    O.C.G.A. § 51-12-33 (c)

Defendants further reserve the right to supplement, alter, or amend this Disclosure, as is necessary or appropriate.

**(4)**    **Provide the name and, if known, the address and telephone number of each individual likely to have discoverable information that you may use to support your claims or defenses, unless solely for impeachment, identifying the subjects of the information. (Attach witness list to Initial Disclosures as Attachment A).**

    <u>**RESPONSE:**</u> *(See Attachment A.)*

**(5)**    **Provide the name of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence. For all experts described in Fed. R. Civ. P. 26(a)(2)(B), provide a separate written report satisfying the provisions of that rule. (Attach expert witness list and written reports to Initial Disclosures as Attachment B.)**

    <u>**RESPONSE:**</u> Defendant has not yet determined whether it will use any experts at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence. Defendant will supplement its response as required by Fed. R. Civ. P. 26 (e) and N.D. Ga. L.R. 26.1C and 26.2C.

299946793v.3

**(6)    Provide a copy of, or description by category and location of, all documents, data compilations or other electronically stored information, and tangible things in your possession, custody, or control that you may use to support your claims or defenses unless solely for impeachment, identifying the subjects of the information. (Attach document list and descriptions to Initial Disclosures as Attachment C.)**

**RESPONSE:** For the reasons identified above, Allied is unable to make a full and complete evaluation of what documents, data compilations, other electronically stored information, and tangible things in its possession that would relate to its defenses to Plaintiff's claims and accordingly reserve the right to further identify any such documents. Further, once expert designations are made, Allied reserves the right to supplement this response.  Subject to the foregoing, the following documents are being identified and produced: *See* Attachment C.

**(7)    In the space provided below, provide a computation of any category of damages claimed by you. In addition, include a copy of, or describe by category and location of, the documents or other evidentiary material, not privileged or protected from disclosure on which such computation is based, including materials bearing on the nature and extent of injuries suffered, making such documents or evidentiary material available for inspection and**

5

**copying under Fed. R. Civ. P. 34. (Attach any copies and descriptions to Initial Disclosures as Attachment D.)**

**RESPONSE:** Not applicable. Allied is not asserting damages as against Plaintiff at this time.  However, Allied reserves the right to seek damages and its right to assert cross-claims and/or seek damages from Plaintiff, other defendants or non-parties as the facts of the case develop and the case proceeds.

If Plaintiff's damages could have been reduced by reasonable attempts to mitigate damages, Plaintiff's damages should be reduced to reflect that amount that could have been prevented by mitigation.

**(8)    If defendant contends that some other person or legal entity is, in whole or in part, liable to the plaintiff or defendant in this matter, state the full name, address, and telephone number of such person or entity and describe in detail the basis of such liability.**

**RESPONSE:** Allied states Defendant Atlanta History Center may be a liable party to Plaintiff. Defendants further reserve the right to supplement, alter, or amend this Disclosure, as is necessary or appropriate.

**(9)    Attach for inspection and copying as under Fed.R.Civ.P. 34 any insurance agreement under which any person carrying on an insurance**

**business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments to satisfy the judgment. (Attach copy of insurance agreement to Initial Disclosures as Attachment E.)**

**RESPONSE:** *See* Attachment E.

## RESERVATION OF RIGHTS

Allied hereby reserves the right to amend and/or supplement these disclosures as appropriate, either through additional disclosures, or discovery responses. These disclosures in no way constitute either (i) a concession on the part of the Defendant as to the relevance or admissibility of any of the foregoing information or (ii) a waiver of any applicable privilege other basis upon which such information may be withheld.

Submitted this 21st day of August, 2024.

7

**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER, LLP**

/s/ Pamela Grimes
Lawrence Lee Washburn IV
Georgia Bar No. 562374
Pamela Grimes
Georgia Bar No. 784124
*Counsel for Defendant Universal Protection Service, LLC d/b/a Allied Universal*

3348 Peachtree Road NE
Suite 1400
Atlanta, GA 30326
470-419-6650 (main)
470-419-6651 (facsimile)
lee.washburn@wilsonelser.com
pamela.grimes@wilsonelser.com

8

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that I have this day served the foregoing **DEFENDANT UNIVERSAL PROTECTION SERVICE, LLC d/b/a ALLIED UNIVERSAL SECURITY SERVICES' FED. R. CIV. P. 26(a)(1) INITIAL DISCLOSURES** via email to the following counsel of record:

Crystal R. Carey
Harry M. Daniels
Law Offices of Harry M. Daniels
4751 Best Road, Suite 490
Atlanta, Georgia 30337
Telephone: (678) 664-8529
Facsimile: (800) 867-5248
carey@harrymdaniels.com
daniels@harrymdaniels.com
*Attorneys for Plaintiffs*

Mark D. Lefkow
Pamela Bispo Da Silva
Copeland, Stair, Valz & Lovell, LLP
191 Peachtree Street, NE, Ste 3600
Atlanta, Georgia 30303-1740
PH: 404-522-8220
mlefkow@csvl.law
pbispodasilva@csvl.law
*Attorneys for Defendant Atlanta History Center*

Dated: August 21, 2024.

299946793v.3

/s/ Pamela Grimes
Pamela Grimes
Georgia Bar No. 784124

*Counsel for Defendant Universal Protection Service, LLC d/b/a Allied Universal*

299946793v.3

**ATTACHMENT A**

299946793v.3

## ATTACHMENT A

1.      Plaintiff Melinda Momplaisir, contactable through Plaintiff's counsel. Plaintiff Melinda Momplaisir is expected to have information and knowledge regarding the facts and allegations in the Complaint and the facts and circumstances surrounding the subject incident, in addition to Plaintiff's alleged injuries and medical treatment;

2.       Defendant Atlanta Historical Society, Inc d/b/a Atlanta History Center ("AHC"), contactable through its counsel. Defendant AHC is expected to have information and knowledge regarding the facts and allegations in the Complaint and the facts and circumstances surrounding the subject incident;

3.      Non-Party Brenda Griffin, contactable through Defendant Allied's counsel. Non-Party Brenda Griffin is expected to have information and knowledge regarding the facts and allegations in the Complaint and the facts and circumstances surrounding the subject incident;

4.      Any medical treatment providers for the Plaintiff with information and knowledge regarding Plaintiff's alleged injuries;

5.      All witnesses disclosed by Plaintiff in her Fed. R. Civ. P. 26(a)(1) initial disclosures;

6.      All witnesses disclosed by Plaintiff in her witness list(s);

7.    All witnesses disclosed by Defendant Atlanta History Center in its Fed. R. Civ. P. 26(a)(1) initial disclosures;

8.    All witnesses disclosed by Defendant Atlanta History Center in its witness list(s);

9.    All persons identified in depositions in this matter;

10.   Any persons identified in documents produced during the course of discovery;

11.   Any consulting and retained experts with information regarding the investigation into the alleged injuries and the subject incident;

12.   Public sector investigators and experts with information regarding the investigation into the subject incident;

13.   Representative(s) of Allied, contactable through Allied's attorneys of records. Representative(s) of Allied will also be designated to testify in response to any Fed. R. Civ. P. 30(b)(6) notice propounded by any party;

14.   Allied reserves its right to call as witnesses any of the individuals identified in Plaintiffs' initial disclosures or any other individuals who may be identified in the discovery process, and incorporates them by reference hereto; and

15.    Allied reserves its right to supplement these initial disclosures through the close of discovery, if additional individuals with knowledge of material facts

299946793v.3

pertaining to this litigation are identified, pursuant to Fed. R. Civ. P. 26(e).

299946793v.3

# **ATTACHMENT B**

299946793v.3

## **ATTACHMENT B**

Defendant has not yet determined whether it will use any experts at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence. Defendant will supplement its response as required by Fed. R. Civ. P. 26 (e) and N.D. Ga. L.R. 26.1C and 26.2C.

299946793v.3

**ATTACHMENT C**

299946793v.3

## **ATTACHMENT C**

1.      Documents (including Confidential Materials to the extent applicable, to be provided upon all parties executing a Confidentiality Agreement) to be produced by Allied during the course of discovery;

2.      Security Agreement;

3.      Time Card for Brenda Griffin;

4.      Incident Report;

5.      Any documents produced by any litigant or third-party in discovery or in response to a subpoena including, but not limited to: Photographs, data, and other materials generated or obtained during any inspection of the scene and/or of the evidence; Any deposition transcript of any witness deposed in this litigation; Any documents obtained by way of discovery, including but not limited to subpoenaed documents, documents produced by any party, and discovery responses by any party;

6.      Allied reserves its right to rely upon any documents identified by Plaintiffs in their initial disclosures;

7.      Allied reserves its right to rely upon any documents identified by Defendant Atlanta History Center in their initial disclosures; and

8.      Allied reserves its right to supplement these Fed. R. Civ. P. 26 initial

disclosures upon receipt of the initial disclosures of the other parties, the disclosure of experts and/or the receipt or identification of any additional materials uncovered through the discovery process which are material to this litigation.

299946793v.3

**ATTACHMENT D**

299946793v.3

# **ATTACHMENT D**

Not applicable.

**ATTACHMENT E**

299946793v.3

## **ATTACHMENT E**

A copy of the applicable policy declaration sheet is attached, with premiums redacted.